**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fire Security Electronics & Communications Incorporated,<br><br>            Plaintiff,<br><br>v.<br><br>Nicholas Nye, et al.,<br><br>            Defendants. | No. CV-23-02730-PHX-DLR<br><br>**ORDER** |

Pending before the Court is Plaintiff Fire Security Electronics & Communications Incorporated's ("FSEC") Rule 12(b)(6) motion to dismiss Defendant Christopher Boone's counterclaims. The motion is fully briefed, and neither side has requested oral argument. (Docs. 28, 30, 32.) For the following reasons, the motion is denied.

**I.       Background[1]**

Boone worked at FSEC from December 2015 to September 2016, and again from March 13, 2017 to February 12, 2023. (¶ 1.) In early 2022, FSEC informed Boone that he would receive a semiannual commission of 0.5% of all revenue invoiced for the Service, Test, and Inspection Departments at FSEC and that he would receive his first commission payment on June 14, 2022. (¶ 5.) Boone earned his first commission on June 14, 2022, but FSEC failed to pay Boone the commission on that date. Instead, FSEC informed Boone that he would receive his commission on June 24, 2022. Again, however, FSEC failed to

---

[1] This section draws from the allegations contained in Boone's Answer and Counterclaim (Doc. 25), which are accepted as true for the purposes of this order.

pay Boone the commission. (¶¶ 9–10.) FSEC reiterated that Boone would be paid, but continued to push out the date on which he would receive his commission until December 2022. (¶ 10.) Boone alleges that Curt Thurman, FSEC's Chief Executive Officer, reassured Boone on at least ten occasions that Boone would receive his commission. (¶ 11.)

On December 31, 2022, Boone earned his second commission. (¶ 12.) FSEC again failed to pay Boone his commission. On January 30, 2023, Boone sent an email to Thurman requesting the payout of his commissions in the sum of $17,021.93. (¶ 17.) On January 31, 2023, Thurman acknowledged receipt of Boone's email and stated, "I will let accounting confirm the numbers to make sure those are the correct totals as there maybe [sic] numbers that may need to be included in 2022. As I have mentioned to you before, you will receive the dollars you are due when the final numbers for the year were accounted for. I will have a payout plan together for you soon." (¶18.) On February 13, 2023, FSEC terminated Boone. (¶ 19.) Boone alleges FSEC has yet to pay Boone the commissions owed to him for 2022. (¶ 13.)

On February 6, 2024, Boone filed the following counterclaims against FSEC: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unjust enrichment; and (4) treble damages pursuant to A.R.S. § 23-355. (Doc. 25.) FSEC has moved to dismiss Boone's counterclaims under Federal Rule of Civil Procedure 12(b)(6), arguing that Boone's contract claims are time barred and that Boone's unjust enrichment claim fails as a matter of law because he admits that a contract exists between Boone and FSEC. (Doc. 28.)

**II.      Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). A claim is facially plausible when the plaintiff pleads facts that "allow the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "In evaluating a Rule 12(b)(6)

motion, the [C]ourt accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff." *Adams v. U.S. Forest Srvc.*, 671 F.3d 1138, 1142–43 (9th Cir. 2012).

A Rule 12(b)(6) motion to dismiss for failure to state a claim "can be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim." *Jablon v. Dean Witter & Co.*, 624 F.2d 677, 682 (9th Cir. 1980). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove the statute was tolled." *Id.*

### III. Analysis

Starting first with FSEC's statute of limitations argument: Under Arizona law, actions for breach of an oral or written employment contract and for unpaid wages must be commenced within one year after the cause of action accrues. A.R.S. § 12-541; *Redhair v. Kinerk, Beal, Schmidt, Dyer & Sethi, P.C.*, 183 P.3d 544, 550 (Ariz. Ct. App. 2008) (explaining that unpaid wage claims arise under A.R.S. § 23-355 and, as such, have a one-year statute of limitations under A.R.S. § 12-541(3)). A cause of action does not accrue until a party "knows or, in the exercise of reasonable diligence, should know, the facts underlying the cause [of action]." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964, 966 (1995).

FSEC argues that "Boone's claim for commissions earned on June 14, 2022, accrued by no later than the day following that pay period—June 16, 2022" and that his "claim for commissions earned on December 31, 2022, arose no later than December 31, 2022." Thus, Boone's claims for commissions expired, respectively, June 16, 2023, and December 31, 2023. As Boone's Counterclaims were not filed until February 6, 2024, Boone's breach of contract and breach of the covenant of good faith and fair dealings claims are time barred. (Doc. 28 at 5–6.) The Court disagrees.

Drawing all reasonable inferences in the light most favorable to Boone, it does not appear beyond doubt that Boone's claims are time-barred. Given Thurman's assurances

throughout 2022 and early 2023 that Boone would be paid his commissions, it is plausible that Boone did not discover the facts underlying his breach of contract and bad faith claims until February 13, 2023—the day FSEC terminated Boone without paying him his commissions. *See Gillard v. Good Earth Power AZ LLC*, No. CV-17-01368-PHX-DLR, 2019 WL 1280946, at *6 (D. Ariz. Mar. 19, 2019) ("An employee is deemed to have discovered an employer's breach of contract with respect to payment of wages when the employee learns that it will not receive those wages."). Accepting Boone's allegations as true, it is plausible that Boone and Thurman orally agreed to defer Boone's commissions to a later date and that Boone first discovered that he would not be receiving those commissions the day he was terminated without payment. *Id.* ("[A] reasonable juror could find that Plaintiffs did not discover that they would not receive their deferred wages until the close of the pay period following termination.").

Even if Boone's commissions had not been deferred, Boone has plausibly alleged a tolling of the statute of limitations. "Arizona courts have recognized equitable exceptions to the application of the statute [of limitations] when necessary to prevent injustice. One such exceptions applies when a defendant induces a plaintiff to forbear filing suit." *Nolde v. Frankie*, 964 P.2d 477, 481 (Ariz. 1998). To establish equitable tolling, a plaintiff must show that the defendant engaged in affirmative conduct intended to cause the plaintiff's forbearance, the defendant's conduct actually caused the plaintiff's failure to file a timely action, the defendant's conduct reasonably could be expected to cause forbearance, and the plaintiff brought the action within a reasonable time after termination of the objectionable conduct. *Id.* Boone has plausibly alleged a basis for equitable tolling. Thurman's assurances—repeated on at least ten occasions—that Boone would receive his commissions plausibly constitutes affirmative conduct intended to prevent or delay Boone from pursuing legal action. Boone reasonably relied on such assurances up until he was terminated in February 2023, and then filed claims for these commissions within one year of his termination. As such, the Court finds that Boone has alleged breach of contract and bad faith claims that plausibly fall within the statute of limitations and, therefore, will not

dismiss these claims.

FSEC next contends that Boone's unjust enrichment claim fails as a matter of law because Boone has alleged an employment relationship with FSEC based on an at-will employment contract, and where there is a specific contract that governs the relationship of the parties, the doctrine of unjust enrichment has no application. (Doc. 28 at 5.) The Court disagrees.

FSEC is correct that to recover on a claim of unjust enrichment, a plaintiff must establish the *absence* of a legal remedy and that where a plaintiff possesses a remedy based on breach of contract, the plaintiff is precluded from recovering on a claim of unjust enrichment. *See Trustmark Ins. Co. v. Bank One, Ariz. NA*, 48 P.3d 485, 491 (Ariz. Ct. App. 2002); *Brooks v. Valley Nat'l Bank*, 548 P.2d 1166, 1170 (Ariz. 1976). "That said, a plaintiff is not barred from pleading unjust enrichment as an alternative theory to a breach of contract claim." *Kamin Health LLC v. 4D Global LLC*, No. CV-23-01491-PHX-DLR, 2024 WL 1796085, at *3 (D. Ariz. Apr. 25, 2024); *see also Adelman v. Christy*, 90 F. Supp. 2d 1034, 1046 (D. Ariz. 2000) ("The mere existence of a contract governing the dispute does not automatically invalidate an unjust enrichment alternative theory of recovery. A theory of unjust enrichment is unavailable only to a plaintiff if that plaintiff has already *received* the benefit of [his] contractual bargain."). Although Boone may not recover for both breach of contract and unjust enrichment, he can plead both theories of liability. Accordingly,

**IT IS ORDERED** that FSEC's Motion to Dismiss Counterclaims (Doc. 28) is **DENIED**.

Dated this 9th day of July, 2024.

Douglas L. Rayes
Senior United States District Judge